**FILED**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AUG -8 2023

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| wayne a. holmes, | ) | File No. 23cv1351 |
| **Plaintiff - Appellant** | ) | |
| vs. | ) | Hon Judge: John F. Kness |
| | ) | |
| AMERICAN POSTAL WORKERS | ) | Magistrate Judge Fuentes Randomly Assigned |
| UNION, CHICAGO LOCAL, AFL-CIO | ) | |
| **Defendants –Appellees** | ) | MOTION FOR JUDGMENT ON |
| | ) | THE PLEADING FRCP 12(c) |

**TO ALL PARTIES AND TO THEIR
ATTORNEYS OF RECORD:**

Plaintiff Mr. Holmes move this Court to enter an Order for judgment on the pleadings, pursuant to Federal Rules of Civil Procedure12(c), in favor of Plaintiff Mr. Holmes on the ground that Plaintiff Mr. Holmes is entitled to judgment as a matter of law on the undisputed facts appearing in the pleadings.

1)Plaintiff Mr. Holmes alleged that he file a second amended Complaint on July 07, 2023 (Dkt. # 31 , pp. 1-5) and Defendant has failed to file answer with Court therefore the issue has not been adjudicated by Court and the pleadings are not closed; Pleadings are closed for Rule 12(c) purposes when a complaint and an answer have been filed. Maniaci v. Georgetown Univ., 510 F.Supp.2d 50, 60 (D.D.C. 2007)

2) Plaintiff Mr. Holmes alleged there no issue of material fact or valid defense is presented by the defendant's pleadings because no answer to the complaint was file with Court with 21 days. Judgment on the pleadings is precluded if there is a material issue of fact. Pioneer Bank Trust Co. v. Austin Bank, 279 Ill. App.3d 9, 13 (1996). Because defendant did not file an answer, we can only consider plaintiff's complaint and the exhibits attached thereto in determining the propriety of the trial court's ruling. Seefeldt v. Millikin National Bank, 137 Ill. App.3d 841 (1985).

3)The undisputed facts entitle Plaintiff Mr. Holmes to judgment on the pleadings as a matter of law and to the relief sought in the complaint. When the pleadings present no material issues of fact and the facts shown by the pleadings clearly entitle a party to judgment, the entry of judgment on the pleadings is appropriate." Book v. Hester , 695 N.E.2d 597, 599 (Ind. Ct. App. 1998). The material allegations contained in the Plaintiff's complaint are true, and Plaintiff is entitled to the relief sought as a matter of law. Franklin College v. Turner 844 N.E.2d 99 (Ind. Ct. App. 2006) When the pleadings present no material issues of fact and the facts shown by the pleadings clearly entitle a party to judgment, the entry of judgment on the pleadings is appropriate.But when *a* Faris v. AC & S, Inc. 842 N.E.2d 870 (Ind. Ct. App. 2006).

**Item-1-continue**

A motion for judgment on the pleadings is, like a motion for summary judgment, limited to the pleadings." Pekin Insurance Co. v. Wilson, 237 Ill.2d 446, 455, 341 Ill.Dec. 497, 930 N.E.2d 1011 (2010). "Judgment on the pleadings is properly granted if the pleadings disclose no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Pekin Insurance Co., 237 Ill.2d at 455, 341 Ill.Dec. 497, 930 N.E.2d 1011. The court considers all well-pleaded facts as set forth in the pleadings of the nonmoving party as admitted, and the fair inferences drawn therefrom. Pekin Insurance Co., 237 Ill.2d at 455, 341 Ill.Dec. 497, 930 N.E.2d 1011.

**This motion is made on the grounds that:**

4) Defendant failure to state a legal defense to the claims that was enter on the Court record July 07, 2023 (Dkt. # 31 , pp. 1-5).

5) The Court must do its due diligence duty by examining all the pleadings together, instead of focusing on specific defects in the complaint. Aponte-Torres v. University of Puerto Rico, 445 F.3d 50, 54 – 55 (1st Cir. 2006). See Collins v. Bolton, 287 F.Supp. 393, 396 (N.D.Ill. 1968). "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law." Ashley County, Ark. v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir.2009) furthermore Plaintiff Mr. Holmes the moving party is entitled to judgment on the pleadings because it is appropriate when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that party is entitled to judgment as a matter of law. Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989).

6) Plaintiff Mr. Holmes seeking entry of judgment on the pleadings that was enter on the Court record July 07, 2023(Dkt. # 31 , pp. 1-5) pursuant to Rule 12(c)Fed. R. Civ. P. 12(c) authorizes a party to move for judgment on the pleadings in order to dispose of cases in which material facts are not in dispute, and the court may render judgment on the merits by looking at pleadings and judicially noticed facts. See Fed. R. Civ. P. 12(c); see also Hebert Abstract Co. v. Touchstone Properties, 914 F.2d 74, 76 (5th Cir. 1990)

7) Plaintiff Mr. Holmes move pursuant to Fed. R. Civ. P. 12(c) which is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts").Plaintiff or Defendant can move for judgment on the pleadings. See Ramsey v. Amfac, Inc., 960 F. Supp. 1424, 1426 (N.D. Cal. 1997) , the district court can grant judgment on the pleadings on its own initiative. See, e.g., Flora v. Home Fed. Sav. & Loan Asso., 685 F.2d 209, 211 (7th Cir. 1989)

8) Plaintiff Mr. Holmes enter on the Court record a reply pursuant to FRCP 7(a) on July 07, 2023 (Dkt. #31 , pp. 1-5) A motion for judgment on the pleadings must be brought early enough not to delay trial. Fed. R. Civ. P. 12(c); Baker v. Smiscik 49 F. Supp. 3d 489 (E.D. Mich. 2014)

**Item-2-continue**

9) The purpose of the answer is to allow the defendant an opportunity to formally rebut the allegations made by the plaintiff in the complaint. This rebuttal shapes the issues to be tried and informs the plaintiff what he must be prepared to prove. The defendant must respond to the allegations in the complaint within twenty-one (21) days after receipt of the summons and complaint. See: Reynolds v. AAA Auto Club Enters. No. 12-cv-200-DRH-DGW (S.D. Ill. Jun. 5, 2012) (Fed.R.Civ.P. 12(a).See: Pursuant to <u>FEDERAL RULE OF CIVIL PROCEDURE 12(a)(1)(i)</u>, a defendant must serve a responsive pleading, "within 21 days after being served with the summons and complaint." *See* <u>FED. R. CIV. P. 12(a)(1)(i)</u>. See: Brown v. Bureaus Inv. Grp. Portfolio No 15 LLC CAUSE NO.: 4:19-CV-38-TLS-APR (N.D. Ind. Jul. 20, 2020) Under Federal Rule of Civil Procedure 12(a)(1)(A)(i), a responsive pleading must be filed within 21 days after service.

10) Defendant has failed to answer by admitting or denying to all the allegation of complaint file within Court on July 31, 2023 (Dkt. #31, pp.1-5)

11) Failure to admit or deny a specific allegation may lead to the allegation being deemed admitted. "Failure to admit or deny an allegation is equivalent to an admission." See: Canfield v. Tobias, 21 Cal. 349 (1863), Fed. Rules 8 (a).

## JURISDICTIONAL ALLEGATIONS

12) Paragraph # _1_ of the complaint is deemed admitted for failure to admit or deny the allegation.
13) Paragraph # _2_ of the complaint is deemed admitted for failure to admit or deny the allegation.
14) Paragraph # _3_ of the complaint is deemed admitted for failure to admit or deny the allegation.
15) Paragraph # _4_ of the complaint is deemed admitted for failure to admit or deny the allegation.

## JURISDICTION and VENUE

16) Paragraph # _5_ of the complaint is deemed admitted for failure to admit or deny the allegation.
17) Paragraph # _6_ of the complaint is deemed admitted for failure to admit or deny the allegation.
18) Paragraph # _7_ of the complaint is deemed admitted for failure to admit or deny the allegation.
19) Paragraph # _8_ of the complaint is deemed admitted for failure to admit or deny the allegation.
20) Paragraph # _9_ of the complaint is deemed admitted for failure to admit or deny the allegation.
21) Paragraph # _10_ of the complaint is deemed admitted for failure to admit or deny the allegation.
22) Paragraph # _11_ of the complaint is deemed admitted for failure to admit or deny the allegation.
23) Paragraph # _12_ of the complaint is deemed admitted for failure to admit or deny the allegation.
24) Paragraph # _13_ of the complaint is deemed admitted for failure to admit or deny the allegation.

## THE GENERAL FACTUAL ALLEGATION

25) Paragraph # _14_ of the complaint is deemed admitted for failure to admit or deny the allegation.
26) Paragraph # _15_ of the complaint is deemed admitted for failure to admit or deny the allegation.
27) Paragraph # _16_ of the complaint is deemed admitted for failure to admit or deny the allegation.
28) Paragraph # _17_ of the complaint is deemed admitted for failure to admit or deny the allegation.

**Item-3-continue**

29) Paragraph # _18_ of the complaint is deemed admitted for failure to admit or deny the allegation.

30) Paragraph # _19_ of the complaint is deemed admitted for failure to admit or deny the allegation.

31) Paragraph # _20_ of the complaint is deemed admitted for failure to admit or deny the allegation.

32) Paragraph # _21_ of the complaint is deemed admitted for failure to admit or deny the allegation.

33) Paragraph # _22_ of the complaint is deemed admitted for failure to admit or deny the allegation.

## COUNT- I- CAUSE OF ACTION FOR BREACH OF DUTY FAIR REPRESENTATION

34) Paragraph # _23_ of the complaint is deemed admitted for failure to admit or deny the allegation.

35) Paragraph # _24_ of the complaint is deemed admitted for failure to admit or deny the allegation.

36) Paragraph # _25_ of the complaint is deemed admitted for failure to admit or deny the allegation.

37) Paragraph # _26_ of the complaint is deemed admitted for failure to admit or deny the allegation.

38) Paragraph # _27_ of the complaint is deemed admitted for failure to admit or deny the allegation.

39) Paragraph # _28_ of the complaint is deemed admitted for failure to admit or deny the allegation.

40) Paragraph # _29_ of the complaint is deemed admitted for failure to admit or deny the allegation.

41) Paragraph # _30_ of the complaint is deemed admitted for failure to admit or deny the allegation.

42) Paragraph # _31_ of the complaint is deemed admitted for failure to admit or deny the allegation.

43) Paragraph # _32_ of the complaint is deemed admitted for failure to admit or deny the allegation.

44) Paragraph # _33_ of the complaint is deemed admitted for failure to admit or deny the allegation.

45) Paragraph # _34_ of the complaint is deemed admitted for failure to admit or deny the allegation.

46) Paragraph # _35_ of the complaint is deemed admitted for failure to admit or deny the allegation.

47) Paragraph # _36_ of the complaint is deemed admitted for failure to admit or deny the allegation.

48) Paragraph # _37_ of the complaint is deemed admitted for failure to admit or deny the allegation.

49) Paragraph # _38_ of the complaint is deemed admitted for failure to admit or deny the allegation.

50) Paragraph # _39_ of the complaint is deemed admitted for failure to admit or deny the allegation.

51) Paragraph # _40_ of the complaint is deemed admitted for failure to admit or deny the allegation.

**WHEREFORE** Plaintiff Wayne A. Holmes demands judgment for money damages against Defendant American Postal Workers Union, Chicago Local 1, AFL-CIO ("APWU-Chicago Local"), together with such other and further relief as the Court may deem reasonable and just under the circumstances.

## COUNT- II-CAUSE OF ACTION FOR BREACH OF CONTRACT

52) Paragraph # _41_ of the complaint is deemed admitted for failure to admit or deny the allegation.

53) Paragraph # _42_ of the complaint is deemed admitted for failure to admit or deny the allegation.

54) Paragraph # _43_ of the complaint is deemed admitted for failure to admit or deny the allegation.

55) Paragraph # _44_ of the complaint is deemed admitted for failure to admit or deny the allegation.

**Item-4-continue**

56) Paragraph # _45_ of the complaint is deemed admitted for failure to admit or deny the allegation.

57) Paragraph # _46_ of the complaint is deemed admitted for failure to admit or deny the allegation.

58) Paragraph # _47_ of the complaint is deemed admitted for failure to admit or deny the allegation.

59) Paragraph # _48_ of the complaint is deemed admitted for failure to admit or deny the allegation.

60) Paragraph # _49_ of the complaint is deemed admitted for failure to admit or deny the allegation.

61) Paragraph # _50_ of the complaint is deemed admitted for failure to admit or deny the allegation.

62) Paragraph # _51_ of the complaint is deemed admitted for failure to admit or deny the allegation.

63) Paragraph # _52_ of the complaint is deemed admitted for failure to admit or deny the allegation.

**WHEREFORE** Plaintiff Wayne A. Holmes demands judgment for money damages against Defendant American Postal Workers Union, Chicago Local 1, AFL-CIO ("APWU-Chicago Local"), together with such other and further relief as the Court may deem reasonable and just under the circumstances.

## CASE LAWS

1) Rdriguez v. Expert Home Exteriors, LLC 22-cv-0223-bhl (E.D. Wis. Feb. 21, 2023) Under Rule 12, a defendant must serve an answer or other responsive pleading within 21 days after it has been served with the summons and complaint. Fed.R.Civ.P. 12(a)(1)(A)(i). Expert Home Exteriors has not filed any timely

2) Hammer & Steel, Inc. v. K&S Eng'rs, Inc. No. 14-cv-10001 (N.D. Ill. Jul. 17, 2015) Plaintiff brought suit on December 12, 2012. Under Rule 12(a)(1)(A)(i), Imperial's responsive pleading was due "within 21 days after being served with the summons and complaint.

3) Ello v. Brinton CAUSE NO.: 2:14-CV-299-TLS (N.D. Ind. Nov. 10, 2015) As the Defendants correctly note, even though a defendant must generally "serve an answer . . . within 21 days after being served with the summons and complaint," Fed. R. Civ. P. 12(a)(1), the time for filing a responsive pleading is tolled during the pendency of a Rule 12 motion.

4) Lerch v. City of Green Bay Case No. 17-C-654 (E.D. Wis. Jun. 29, 2018) Pursuant to Rule 12 of the Federal Rules of Civil Procedure, a defendant must serve an answer "within 21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A).

5) Bagby v. State Farm Cas. Ins. Co. Case No. 3:18-CV-2154-NJR-MAB (S.D. Ill. Jun. 20, 2019) Under Rule 12, a defendant must generally file an answer "within 21 days after being served with the summons and complaint.

6) HENDERSON v. BIEL 1:05-cv-1485-JDT-TAB (S.D. Ind. Aug. 7, 2007) Fed.R.Civ.P. 12(a)(1)(A) states that a defendant shall serve an answer within 20 days of being served with the summons and complaint. This gave Breed until February 5th to answer."). The Federal Rules of Civil Procedure, like the Indiana Trial Rules, provide that "Service by mail is complete on mailing." Fed.R.Civ.P. 5(b)(2)(B).

**Item-5-continue**

7) <u>Gosey v. Aurora Medical Center</u> Case No. 11-C-805 (E.D. Wis. Nov. 29, 2011) Rule 12(a)(1) of the Federal Rules of Civil Procedure provides that a defendant must serve an answer within 21 days of being served. Rule 6(a) explains the computation of time under the Federal Rules of Civil Procedure. "When the period is stated in days or a longer unit of time, the day of the event that triggers the period is excluded," every day is counted, and the last day of the period is included. See Fed.R.Civ.P. 6(a)(1).

8) <u>Burrell v. Burrell</u> 2012 Ill. App. 3d 1201 (Ill. App. Ct. 2013) A failure to timely respond results in admission of the matters of fact in the request to admit. Ill. S. Ct. R. 216(c) (eff. May 30,

9) <u>Reitz v. Creighton</u> No. 15 C 1854 (N.D. Ill. Nov. 12, 2019)Failure to timely respond results in the matter being deemed admitted. Id. But, in her motion, plaintiff tells us that she did not submit her

10) <u>Air Energy Glob., Inc. v. Grier</u> Case No. 12-CV-875-SMY-SCW (S.D. Ill. Nov. 16, 2016) Pursuant the Federal Rules of Civil Procedure, a defendant must file its answer "within 21 days after being served with summons and complaint." Fed.R.Civ.P. 8(a)(1)(A)(i). A defendant who fails to do may be found in default under Federal Rule of Civil Procedure 55(a). It is in the district court's discretion whether to enter default judgment. O'Brien v. <u>Greater St. Louis Constr. Laborers Welfare Fund v. Zoie LLC</u> Case No. 19-CV-202-SMY (S.D. Ill. Mar. 16, 2020) Under the Federal Rules of Civil Procedure, a defendant must file its answer "within 21 days after being served with summons and complaint." Fed.R.Civ.P. 8(a)(1)(A)(i). A defendant who fails to do so may be found in default under Federal Rule of Civil Procedure 55(a). Default judgment establishes, as a matter of law, that a defendant is liable to the plaintiff on each cause of action alleged in the Complaint. United States v. Di Mucci, 879 F.2d 1488, 1497 (7th Cir. 1989).

11) <u>Washington v. MacNeal Hospital</u> No. 97 C 6145 (N.D. Ill. Sep. 5, 2000) Failure to properly support a denial constitutes an admission. See McGuire v. United Parcel Serv., 152 F.3d 673, 675 (7th Cir. 1998). In many of his responses, plaintiff merely states "Denies" in response to

12) <u>P.R.S. International, Inc. v. Shred Pax Corp.</u>184 Ill. 2d 224 (Ill. 1998) the failure to respond to a request to admit an ultimate fact constitutes an admission which may give rise to a grant of summary judgment.

13) <u>Golden Eagle Cmty. Bank v. Rego Grp., Ltd.</u>2015 Ill. App. 2d 141127 (Ill. App. Ct. 2015) the failure to respond to a request to admit an ultimate fact constitutes an admission which may give rise to a grant of summary judgment." P.R.S. International, Inc. v. Shred Pax Corp., 184 Ill. 2d 224, 239 (1998).

14) Chicago Dist. Council of Carpenters Pension Fund v. P.M.Q.T., Inc.169 F.R.D. 336 (N.D. Ill. 1996) matters that are deemed admitted, due to a party's failure to respond to a request for admission, can form the basis for <u>United States v. Kasuboski,</u> 834 F.2d 1345, 1350

**Item-6-continue**

15) <u>Bank of Am., N.A. v. Adeyiga</u> 29 N.E.3d 60 (Ill. App. Ct. 2014) If a defendant does not deny this unstated allegation, it is therefore admitted. In the trial court's assessment,

16) <u>Third Wave Technologies, Inc. v. Stratagene Corp.</u> No. 04-C-680-C (W.D. Wis. Jul. 11, 2005) A party's response that it is without information or knowledge to either admit or deny an allegation is treated as a denial. Fed.R.Civ.P. 8(b).

17) U.S. Bank Nat'l Ass'n v. Silver Case No. 11-cv-6332 (N.D. Ill. Dec. 4, 2013) Under the Federal Rules of Civil Procedure, a defendant must file its answer "within 21 days after being served with summons and complaint." Fed. R. Civ. P. 8(a)(1)(A)(i). A defendant who fails to do may be found in default under Federal Rule of Civil Procedure 55(a). It is in the district court's discretion whether to enter default judgment. O'Brien v. R.J. O'Brien & Assocs., Inc., 998 F.2d 1394, 1398 (7th Cir. 1993).

**WHEREFORE, Plaintiff demands the following relief:** Plaintiff Mr. Holmes is entitled to judgment as a matter of law on the undisputed facts appearing in the pleadings.

Very truly yours,

8/8/23
Date:

Wayne A. Holmes, undersigned
4251 west Irving Park RD, Box # 242
Chicago, IL 60641
(773) 812-1295
wholmes648@gmail.com

Clerk of the court is Duty Bound
18 USC Sec 18 2076 - Clerk is to File
18 USC Sec 182071 - Concealment

**UCC-1 FILING VOID
WHERE PROHIBITED BY LAW**

[CERTIFICATE OF SERVICE]

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleadings or documents was served upon all opposing party or counsel of record place in a sealed envelope address to all party of record with postage fully paid herein by depositing same day in the U.S. Mail Box, hand delivery or E-Mail this Month **8** Day of **8**, 20 **23**

U.S. Mail Receipt:
Office of Clerk of the U.S. District Court
United States Courthouse, Flr 20
219 S. Dearborn Street
Chicago, IL 60604

Jfile@katzfriedman.com
Katzfriedman.com
161 North Clark Street – Suite 1800
Chicago, Illinois 60601
www.katzfriedman.Com

_____
Wayne A. Holmes, undersigned
4251 west Irving Park RD, Box # 242
Chicago, IL 60641
(773) 217-3619
wholmes648@gmail.com

Clerk of the court is Duty Bound
18 USC Sec 18 2076 - Clerk is to File
18 USC Sec 182071 - Concealment

**UCC-1 FILING VOID
WHERE PROHIBITED BY LAW**